United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NESTOR GARZA-GARZA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00938** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is *pro se* Petitioner Nestor Garza-Garza ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging his post-removal-order detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his petition on May 19, 2026. (Dkt. 1.) He requests immediate release from custody, alleging that he has been detained by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) since January of 2026 in violation of his Fifth Amendment right to freedom from detention. (Dkt. 1 at 2, 6.) The Court ordered the Respondent to respond to the petition on or before May 26, 2026, (Dkt. 4), and the United States of America ("Intervenor") filed a Motion to Intervene, (Dkt. 8), and accompanying Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, and in the Alternative, for Summary Judgment, (Dkt. 10). On May 27, 2026, the Court granted Intervenor's motion. (Dkt. 9.) In their response, Intervenor asserts that Petitioner is detained under 8 U.S.C. § 1226, and that he was afforded a custody redetermination hearing on February 17, 2026, at which the Immigration Judge

("IJ") denied bond, finding that Petitioner did not meet his burden to show he would not be a danger to the community if released from custody. (Dkt. 10 at 1, 14–15.)

Upon review of evidentiary record submitted to the Court, it appears that Petitioner has been provided with the custody redetermination hearings before an IJ that he is statutorily entitled to under 8 U.S.C. § 1226(a). Because "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond," the Court may not review the IJ's underlying discretionary decision to deny bond to Petitioner. *See Fuentes v. Lyons*, 2025 WL 3022478, at *3 (S.D. Tex. Oct. 29, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). Moreover, Petitioner alleges no constitutional challenge to the statutory framework for his detention or to the extent of DHS's detention authority. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") Therefore, the Court is unable to grant the relief that Petitioner seeks.

Consequently, Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED**. Intervenor's Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss, and in the Alternative, for Summary Judgment, (Dkt. 10), is **GRANTED**.

The Clerk of Court is also **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Nestor Garza-Garza**
**A# 206-722-370**
**Rio Grande Processing Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this June 8, 2026.

Diana Saldaña
United States District Judge